# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAMARIS MCCALLEY,<br>*Plaintiff,*<br><br>v.<br><br>CRAIG OLSON, ET AL.,<br>*Defendants.* | §<br>§<br>§  Civil Action No.  4:21-cv-00511-ALM-CAN<br>§<br>§<br>§<br>§ |

## **MEMORANDUM OPINION AND ORDER**

On November 15, 2021, U.S. Magistrate Judge Christine Nowak denied Plaintiff Damaris McCalley's ("McCalley") request for legal counsel (Dkt. #24).  On December 13, 2021, McCalley filed her Appeal of Denial of Court Appointed Counsel Federal UT Southwestern Case (Dkt. #34). McCalley requests the Court appoint her legal counsel (Dkt. #34).  The Court treats this as an objection to the Magistrate Judge's order under Federal Rule of Civil Procedure 72(a).  Rule 72(a) instructs that within fourteen (14) days of a Magistrate Judge's order on a non-dispositive pretrial matter, a "party may serve and file objections to the order[.]" FED. R. CIV. P. 72(a).  Having reviewed the relevant pleadings, it is unclear whether McCalley's motion is timely. Nonetheless, the Court finds that McCalley failed to show that the Magistrate Judge's Order was clearly erroneous or contrary to law.

As Judge Nowak correctly stated in the order denying McCalley court-appointed counsel (Dkt. #24), a civil litigant does not have a constitutional or statutory right to a court-appointed attorney. *FTC v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (citations omitted).  A trial court is not required to appoint counsel for an indigent party unless the case presents truly "exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). The decision to appoint counsel is based "on many factors, including the type and complexity of the case; the petitioner's

ability to adequately present and investigate [her] case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by 'shortening the trial and assisting in a just determination.'" *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (quoting *Ulmer*, 691 F.2d at 213). "The decision whether or not to appoint counsel rests within the sound discretion of the trial court[.]" *Buesgens v. Snow*, 169 F. App'x 869, 870 (5th Cir. 2006) (citing *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990)) (internal quotation marks omitted).

Starting with the type and complexity of the case, McCalley asserts she is the first *pro se* litigant to challenge the constitutionality of Chapter 74 Tort Reform as a violation of the Equal Protection Clause, and that this case involves the American with Disabilities Act ("ADA") (Dkt. #34 at pp. 2, 3).  However, after a review of the record and the pleadings, the Court concludes McCalley's claims are ultimately for medical malpractice.  Thus, the Court is not convinced her case is of a complex nature.  In any event, "[a]lthough civil rights actions and actions under the ADA may be 'more complex than many other cases' this fact in and of itself does not warrant the appointment of counsel." *Rao v. City of Denison*, No. 4:18-CV-168-ALM-CAN, 2019 U.S. Dist. LEXIS 203672, at *4 (E.D. Tex. Feb. 28, 2019) (quoting *Coleman v. Dallas County Sheriff's Dept.*, 3-12-CV-3145-P, 2012 WL 12887305, at *1 (N.D. Tex. Aug. 30, 2012)).  Thus, this first factor supports the decision to deny appointment of legal counsel.

McCalley also contends she lacks the ability to present and investigate her case due to mental and physical disabilities, her lack of knowledge on how to upload and file documents with the Court, and her unfamiliarity with technology like Zoom (Dkt. #34 at pp. 2–3, 7).  First, McCalley's education level or disability are not exceptional circumstances.  *Ulmer*, 691 F.d2d at

212; *see also Chamberlain v. Chandler*, 344 F. App'x 911, 913 (5th Cir. 2009) (finding that even though plaintiff alleges he has physical ailments "bearing upon his ability to proceed *pro se*, Chamberlain has adequately presented his case thus far and the issues are not complex."). Second, McCalley has clearly demonstrated her ability to file documents with the Court as evidenced by her numerous pleadings (*See* Dkts. #1, 3, 21, 23, 25, 31, 32, 33, 34). Further, McCalley has managed to prepare several subpoenas (Dkt. #34 at p. 2). Thus, it appears to the Court that McCalley is able to present and investigate her case adequately.

McCalley asserts there will be conflicting testimony at trial because a physician at UT Southwestern documented McCalley had a kidney operation, whereas evidence of the kidney operation is "not in the post fact edited operation reports" (Dkt. #134 at p. 2). Additionally, McCalley asserts conflicting testimony exists due to disagreement between her own experts (Dkt. #134 at p. 2). Having reviewed the record, it appears one of McCalley's more recently hired experts merely expands upon the other expert's opinions. Thus, the testimony of McCalley's experts does not appear to conflict. Further, if the only instance of conflicting testimony is the singular example McCalley asserts about her kidney operation, then the evidence does not "largely consist of conflicting testimony so as to require skill in presentation of evidence and in cross-examination" *Cooper*, 929 F.2d at 1084.

Finally, while counsel could benefit McCalley, considering the totality of the circumstances, the Court finds the decision not to appoint legal counsel appropriate.

Therefore, the Court finds the decision to deny McCalley the appointment of legal counsel was sound, and McCalley has not shown such a decision was clearly erroneous or contrary to law.

4

It is therefore **ORDERED** that "Appeal of Denial of Court Appointed Counsel Federal UT Southwestern Case" (Dkt. #34), treated herein as an objection to the Magistrate Judge's order under Rule 72(a), is hereby **DENIED**.

**SIGNED this 15th day of December, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE