IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAMARIS MCCALLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-00511- |
| | § | ALM-CAN |
| CRAIG OLSON, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff's Amended Complaint [Dkt. 32]. After considering the Amended Complaint, and all other relevant filings, the Court finds that Plaintiff's Amended Complaint [Dk. 32] should be stricken from the record *sua sponte*.[1]

**RELEVANT PROCEDURAL HISTORY**

On July 2, 2021, Plaintiff filed her original complaint asserting various claims from allegedly negligent medical care and treatment she received at UT Southwestern Medical Center ("UTSW") in August and September 2017 [Dkt. 1]. Summons were issued in August 2021. On October 12, 2021, Defendant UTSW [Dkt. 16] and Defendants Yair Lotan, M.D., Martha Storrie, M.D., Samuel McDonald, M.D., Roopa Vemulapalli, M.D., Greta Szabo, M.D., Tasneem Ahmed, D.O., and Craig Olson, M.D. filed Motions to Dismiss [Dkt. 17]. On October 19, 2021, Defendants Carolyn Jean Tankersley and Justins Philip also filed a Motion to Dismiss [Dkt. 18]. The Court directed Plaintiff to file any response to the pending Motions to Dismiss, and set the

---

[1] The undersigned takes a cautious approach in striking Plaintiff's First Amended Complaint and enters this ruling as a report and recommendation. *BP Expl. & Prod. Inc. v. Cashman Equip. Corp.*, H-13-3046, 2016 WL 1732756, at *2 (S.D. Tex. Apr. 29, 2016) (citing *Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010)) ("A magistrate judge's order on a party's motion for leave to amend is a nondispositive matter governed by Federal Rule of Civil Procedure 72(a).").

Motions to Dismiss for hearing, contemporaneously with the Rule 16 Management Conference, for December 13, 2021 ("Hearing") [Dkts. 20, 30]. On the day of Hearing, Plaintiff purported to file an Amended Complaint, without an accompanying motion for leave, wherein she named the undersigned and two other individuals as new defendants [Dkt. 32].

## LEGAL STANDARD

"Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* "Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave to amend 'shall be freely given when justice so requires.'" *Marshall v. Carter*, No. 4:20-cv-993, 2021 WL 4316620, at *1 (E.D. Tex. Sept. 23, 2021) (quoting *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Moreover, the Eastern District of Texas Local Rules detail, "[m]otions for leave to file a document should be filed separately and immediately before the document for which leave is sought." E.D. TEX. LOCAL RULE CV-7(k). Regardless of Plaintiff's *pro se* status, she must still comply with the Local Rules, and failure to follow local court rules constitutes a sufficient basis for the Court to deny leave to amend. *See Smith v. City of Princeton*, No. 4:17-CV-85-ALM-CAN, 2017 WL 9285515, at *3 (E.D. Tex. Oct. 31, 2017) ("Plaintiff['s] *pro se* status does not excuse her from complying with federal statutes, rules of civil procedure, or local rules of court.") (citing

*Hassell v. United States*, 203 F.R.D. 241, 245 (N.D. Tex. 1999)), *report and recommendation adopted*, No. 4:17-CV-85, 2018 WL 316470 (E.D. Tex. Jan. 8, 2018); *Vanderbol v. State Farm Mut. Auto Ins. Co.*, No. 4:19-CV-119-SDJ-KPJ, 2019 WL 6117355, at *1 (E.D. Tex. Nov. 18, 2019) (finding that regardless of the plaintiff's *pro se* status "[a]ny future pleadings not in accordance with the Local Rules shall be struck").

## ANALYSIS

Plaintiff's Amended Complaint must be considered under Rule 15(a)(2). Plaintiff's ability to amend under Rule 15(a)(1)(A) expired in October 2021, and her ability to amend under Rule 15(a)(1)(B) expired in November 2021. *See Bank of Am. v. TemPay, LLC*, 19CV674V, 2019 WL 9359721, at *8 (W.D.N.Y. Nov. 7, 2019) ("[The] 21-day period runs from the first defense response."). "After that, Plaintiff could only amend the Complaint with the opposing parties' consent or leave of court." *McCarty v. Dunbar*, No.19-800-BAJ-SDJ, 2020 WL 4495467, at *1 (M.D. La. Aug. 4, 2020). Plaintiff did not obtain written consent from the opposing parties; she also did not request leave of court to amend her complaint. Plaintiff failed to abide by both Rule 15(a)(2) and Local Rule CV-7(k) in filing her Amended Complaint.

Plaintiff's failure to comply with Rule 15(a)(2) and the Local Rules, alone, dictate that her Amended Complaint should be stricken from the record *sua sponte*. *Drake v. Walmart, Inc.*, No. 3:20-CV-581-M-BK, 2020 WL 10866997, at *3 (N.D. Tex. Oct. 19, 2020) ("[T]he Court does not abuse its discretion by striking improperly filed amended complaints."); *Handshoe v. Perrett*, No. 1:15CV382HSOJCG, 2016 WL 10587113, at *1 (S.D. Miss. Jan. 27, 2016) (striking *pro se* plaintiff's amended pleadings because it was in violation of Rule 15(a) where plaintiff did not obtain consent from opposing party or leave from court); *Clewis v. Medco Health Solutions, Inc.*,

578 F. App'x 469, 471 (5th Cir. 2014) (recognizing that the District Court properly *sua sponte* struck plaintiff's amended complaint where plaintiff violated Rule 15(a)).

Additionally, the Amended Complaint, which purports to name the undersigned as a defendant, appears to be nothing more than Plaintiff's disagreement with prior Orders entered by the undersigned and/or an attempt to avoid the Hearing on the pending Motions to Dismiss set by the undersigned. Plaintiff is cautioned regarding adding federal judges to her complaint, whom in most cases enjoy absolute immunity in exercising their judicial functions. *Forrester v. White*, 484 U.S. 219, 225 (1988) ("As a class, judges have long enjoyed a comparatively sweeping form of immunity, though one not perfectly well-defined."); *Ballard v. Wall*, 413 F.3d 510, 517 (5th Cir. 2005) (judges are entitled to immunity for all actions taken within jurisdiction); *see also Mina v. U.S. Dist. Ct. for the E. Dist. of Penn.*, 710 F. App'x 515, 517-18 (3d Cir. 2017) (affirming District Court's order dismissing plaintiff's complaint and striking amended complaint where *pro se* plaintiff sued federal judge for not providing transcripts of plaintiff's previous cases). If Plaintiff seeks to have the undersigned removed as the referral judge from her case, the proper course of action would be a motion to recuse.[2]

---

[2] "Under 28 U.S.C. § 455 [], a party may request the recusal of a judge not only if '[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding,' [28 U.S.C. § 455(b)], but also when '[her] impartiality might reasonably be questioned,' [28 U.S.C. § 455(a)]." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003); *McClelland v. Gronwaldt*, 942 F. Supp. 297, 302 (E.D. Tex. 1996) ("Under § 455(a), a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). In applying the statute, "a court considers 'whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality.'" *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)). Recusal is "required 'if it appears that [the judge] harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute.'" *Id.* at 302 (quoting *Liteky v. United States*, 510 U.S. 540, 557-58 (1994) (Kennedy, J., concurring)). The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). Even were the undersigned to construe the Amended Complaint as a motion to recuse, Plaintiff offers no factual allegations that would support recusal. *See McClelland*, 942 F. Supp. at 302 ("A judge is as much obligated not to recuse himself when it is not called for as he is obligated to when it is.") (collecting cases).

Lastly, the Court reminds Plaintiff of the objection procedures outlined in the Federal Rules of Civil Procedure and the Eastern District of Texas Local Rules. If a plaintiff disagrees with a magistrate judge's order or report and recommendation, the proper course of action is to file objections with the district judge presiding over the matter. Congress authorizes district judges to refer pretrial matters to magistrate judges. 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court").[3] The Federal Rules of Civil Procedure proscribe the method by which parties may object:

> [On] Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

FED. R. CIV. P. 72(a). Under the Federal Rules of Civil Procedure, "a magistrate judge's nondispositive order is final unless objections are timely filed. As with dispositive orders, objections must be filed within fourteen days. Otherwise, any complaint is waived." *FIMBank PLC v. Discovery Inv. Corp.*, No. 2:19-CV-264, 2020 WL 6044500, at *2 (S.D. Tex. Oct. 13, 2020) (citing FED. R. CIV. P. 72(a)); *Powe v. Deutsche Bank Nat'l Tr. Co. for Residential Asset Securitization Tr. Series 2004-A7 Mortg. Pass-Through Certificates 2004-G*, No. 4:15-CV-661, 2017 WL 4784379, at *4 (E.D. Tex. Oct. 24, 2017) (the district judge must consider objections timely filed within fourteen days of a magistrate judge's order on a non-dispositive motion).

---

[3] By statute, dispositive motions that require entry of a report and recommendation by a magistrate judge are:

> [a] motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action . . . .

28 U.S.C. § 636 (b)(1)(A).

> [On] Dispositive Motions and Prisoner Petitions.
>
> *(1) Findings and Recommendations.* A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement. A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party.
>
> *(2) Objections.* Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portions of it the parties agree to or the magistrate judge considers sufficient.
>
> *(3) Resolving Objections.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(a). The Local Rules provide further instruction on filing objections:

> (b) Objections to Non-dispositive Matters — 28 U.S.C. § 636(b)(1)(A). An objection to a magistrate judge's order made on a non-dispositive matter shall be specific. Any objection and response thereto shall not exceed five pages. A party may respond to another party's objections within fourteen days after being served with a copy; however, the court need not await the filing of a response before ruling on an objection. No further briefing is allowed absent leave of court.
>
> (c) Review of Case Dispositive Motions and Prisoner Litigation — 28 U.S.C. § 636(b)(1)(B). Objections to reports and recommendations and any response thereto shall not exceed eight pages. No further briefing is allowed absent leave of court.

E.D. TEX. LOCAL RULE CV 72(b). Therefore, in the event that any Party to this cause disagrees with the undersigned's nondispositive or dispositive findings in the future, the proper method to raise the issue is to follow the clear procedures laid out in the Federal Rules of Civil Procedure and Local Rules for filing objections.

## CONCLUSION AND RECOMMENDATION

Accordingly, the Court recommends that Plaintiff's Amended Complaint [Dkt. 32] be **STRICKEN** from the Record. All Parties added by Plaintiff's Amended Complaint should be removed from the CM/ECF list of defendants.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 15th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE