IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAMARIS MCCALLEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-00511-ALM-CAN |
| | § | |
| CRAIG OLSON, ET AL., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are three Motions to Dismiss: Defendant University of Texas Southwestern Medical Center's Motions to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) [Dkt. 16]; Defendants Yair Lotan, M.D., Martha Storrie, M.D., Samuel McDonald, M.D., Roopa Vemulapalli, M.D., Greta Szabo, M.D., Tasneem Ahmed, D.O., and Craig Olson, M.D.'s Motion to Dismiss [Dkt. 17]; and Defendants Carolyn Jean Tankersley and Justin Philips' Motions to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) [Dkt. 18] After considering the Motions to Dismiss [Dkts. 16; 17; 18], and all other relevant filings, the Court recommends the Motions to Dismiss [Dkts. 16; 17; 18] be **GRANTED**, and Plaintiff's claims be dismissed, as set forth herein.

**BACKGROUND**

*Pro se* Plaintiff filed her Complaint on July 2, 2021, against Defendant University of Texas Southwestern Medical Center ("UTSW") and a number of its employees including, Yair Lotan, M.D., Martha Storrie, M.D., Samuel McDonald, M.D., Roopa Vemulapalli, M.D., Greta Szabo, M.D., Tasneem Ahmed, D.O., Craig Olson, M.D., Carolyn Jean Tankersley and Justin

Philips ("Individual Defendants") [Dkt. 1].[1] Plaintiff is proceeding *in forma pauperis* [Dkt. 4].

Plaintiff's Complaint, entitled "Medical Malpractice Suit against UT Southwestern Physicians for Acting Negligently in Ultravires, Engaging in Lying to Patients, Acting Out of Legal Scope of Employment and Causing Personal Injury by Abuse of My Body and Using Governmental Property to Perform Injuries Both Emotional and Physical," does not delineate any specific causes of action [Dkt. 1 at 1]. However, Plaintiff's case is clearly a health care liability case; the genesis of her claims comes from allegedly negligent medical care and treatment she received at UTSW and Defendants alleged refusal to amend her medical records "with the true facts or original reports" [Dkt. 1 at 1]. Broadly construing the Complaint, Plaintiff alleges state law tort claims and violations of the Health Insurance Portability and Accountability Act ("HIPAA"). For example, Plaintiff pleads:

> Caroline Jean Tankersly made false radiology readouts for UT Southwestern to not indicate kidney scars or injuries, not indicate clips on the ureter or any clips on the left side of my body or randomly in the Messentary at all or on the pancreas. These have since been confirmed by multiple radiologists. The damage caused is me being so scared not knowing what was done to but that I was lied to and hid the gross malpractice of Dr. Clifton Lyndell Coxll and Methodist Southlake Hospital during two surgeries they injured me in during May and August of 2017. UT Southwestern refused to amend/correct the records or address the glaring discrepancies in any way to present day which they should do.
>
> ….
>
> Dr. Yair Lotan and Dr. Craig Olson lied in their Operative Reports about not finding a metal clip on the ureter and refuse to label one of the objects removed from my body which is just identified as a serial number as what it really is, which I believe it to be part of my kidney explaining the scar on the left kidney today and the nephrouretonectomy cited in the records by Martha Storrie when she was reading the Physician Chats portion of my EMR she was hiding from me.
>
> ….

---

[1] It appears Plaintiff has misspelled two of the Defendants names. Plaintiff names Defendants as "Rooma Vemupauli" and "Dr. Caroline Jean Tankersly" in her Complaint [Dkt. 1 at 1]. Defendants' Motions to Dismiss advise that the correct spelling is Roopa Vemulapalli [Dkt. 17 at 1] and Carolyn Jean Tankersley [Dkt. 18 at 1].

> Dr. Tasneem Ahmed, Justin Philips, Dr. Greta Szabo, Dr. McCDonald and Dr. Rooma Vemupauli were instructed to lie to me about my diagnosis of Crohn s which they both knew I had as the records state I was in fact treated for Crohn's illegally since 2017.
>
> ….
>
> I seek financial, restorative and punitive damages against the government unit for physical and mental injuries of my physical body which is my personal and real property and my medical records which is also my personal and real property as well as my civil rights over the amount of $75,000. The exact amount of compensation I will need cannot at this point be known as what caused and the nature of my injuries to the urological organs/structures and the pancreas cannot be known as they are not in the record. All of the above named physians owed me a duty of honest care no matter if a fellow physician Dr. Clifton Lyndell Cox II disabled me and to notify me of my real diagnosis (Crohn s Disease for which the UT Southwestern Hospital was illegally treating me for since 2017). These damages were caused not by dereliction of Duty, gross negligence to patient rights to informed consent, lies about my treatment and real diagnosis and violations of their Hippocratic Oaths to do no harm. I seek my FULL medical records with the original operative reports included as well as the amended records. I seek the Physician Chats portions of my medical records which I am legally entitled to under HIPAA Law as written communications on my healthcare treatment.

[Dkt. 1 at 1-4].[2]

*Plaintiff's Prior Litigation Matters*

Plaintiff is no stranger to litigation. Indeed, the present lawsuit is at least the sixth

---

[2] The Court has entered a Report and Recommendation striking Plaintiff's later filed Amended Complaint [Dkt. 47], as such Plaintiff's original complaint remains the live pleading. The referenced Report remains pending before the District Court Judge. In addition, pending before the Court is Plaintiff's "Motion to Add a Party: Hanly Funderburk of The Office of Civil Rights" [Dkt. 31]. This Motion not only seeks to add Funderburk as a defendant but purports to assert or advises of Plaintiff's intent to assert new claims beyond those listed in her live pleading [Dkt. 31 at 1 ("It is jurisdictional to add Hanly Funderburk to my case as he acted in ultravires, with corrupt intent, to deprive me of financial compensation, Due Process, Equal Protection and my rights to my medical records under HIPPAA LAW")]. For the same reasons outlined in Docket No. 47 recommending that the Court *sua sponte* strike Plaintiff's Amended Complaint, the Court finds that Plaintiff's Motion to Add a New Party [Dkt. 31] should be denied; the request is not procedurally proper. Moreover, the vague references to due process and equal protection in Plaintiff's Motion to Add a Party do not change the jurisdictional analysis outlined *supra*. *See Gilliam v. United States*, No. 3:20-cv-2366, 2022 WL 2657333, at *3 (N.D. Tex. May 11, 2022) ("Although *pro se* complaints are held to a less rigorous standard than those drafted by lawyers, courts are not required to construe the existence of claims from mere buzz words.") (internal citations omitted), *report and recommendation adopted*, No. 3:20-cv-2366, 2022 WL 2651996 (N.D. Tex. July 8, 2022); *see also Gaff v. Ally Fin., Inc.*, No. 4:20-cv-644, 2021 WL 7540293, at *2 (N.D. Tex. Aug. 25, 2021) ("But regardless of the plaintiff's *pro se* status, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss'") (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002))

lawsuit filed by Plaintiff in the last three years, in both federal and state courts, concerning the same or similar operative facts as those asserted herein.[3]

> **The First Lawsuit.** In 2019, Plaintiff, proceeding *pro se*, sued Dr. Cox, Dr. Abiodun, and MSH in state court in Tarrant County, Texas (the "State Court Action"). *See McCalley v. Methodist Southlake Hospital, et. al.*, No. 141-312809-19 (17th Dist. Ct. Tarrant Cnty., Tex.), *Pl.'s appeal dismissed for want of prosecution*, No. 02-20-411-cv (Tex. App.—Fort Worth July 29, 2021, pet. denied). Plaintiff's claims were dismissed. *See id.* Thereafter, Plaintiff appealed the disposition of the State Court Action, citing, in part, alleged "*ex parte* hearings" that were conducted without Plaintiff or that Plaintiff alleges she could not attend; the appeal was dismissed for want of prosecution on July 29, 2021. *See id.*
>
> **The Second Lawsuit.** On October 2, 2020, Plaintiff, proceeding *pro se*, filed suit in the Dallas Division of the Northern District of Texas against Dr. Cox, Tarrant County District Judges David Evans and Melody Wilkinson, and ten other defendants (the "Second Lawsuit"). *See McCalley v. Cousins, et. al.*, No. 4:20-cv-1134, Dkt. 1 (N.D. Tex. filed Oct. 2, 2020). The case was transferred to the Fort Worth Division over Plaintiff's Objection (*see id.* Dkt. 6), Vehement Objection (*see id.* Dkt. 7), and Additional Objection (*see id.* Dkt. 8). Plaintiff nonsuited her claims, and the case was dismissed without prejudice on October 15, 2020. *See id.* Dkt. 14.
>
> **The Third Lawsuit.** On October 19, 2020, Plaintiff, proceeding *pro se*, filed suit in the Dallas Division of the Northern District of Texas against Dr. Cox, the malpractice insurer of Dr. Cox and MSH, Judge Evans, and seventeen (17) other defendants, seeking to enjoin the State Court Action from proceeding (the "Third Lawsuit"). *See McCalley v. UT Sw. Med. Ctr., et. al.*, No. 3:20-cv-3196, Dkts. 1, 40 (N.D. Tex.), *appeal filed*, No. 21-10157 (5th Cir.). The case was assigned to United States District Judge Jane Boyle and referred to United States Magistrate Judge David Horan. *See id.* On March 15, 2021, the case was dismissed without prejudice, as the court declined to exercise jurisdiction under the abstention doctrine. *See id.* Dkts. 40, 47, 48. Plaintiff appealed the Court's ruling to the Fifth Circuit, and the appeal remains pending. *See McCalley v. UT Sw. Med. Ctr., et. al.*, No. 21-10157 (5th Cir. filed Feb. 25, 2021).

---

[3] The Court takes judicial notice of these actions, including the defendants named and the ultimate disposition rendered by the courts. FED. R. EVID. 201; *see Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (per curiam) (stating a district court may take judicial notice of a state court's docket); *Polnac v. City of Sulphur Springs*, No. 4:20-cv-00666, 2021 WL 3663539, at *7 (E.D. Tex. Aug. 18, 2021) (mem. op.) (quoting *Duncan v. Heinrich*, 591 B.R. 652, 655 n.2 (M.D. La. 2018)) ("Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice.").

>**The Fourth Lawsuit**. On March 22, 2021—one week after the Third Lawsuit was dismissed—Plaintiff, proceeding *pro se*, filed suit in the Dallas Division of the Northern District of Texas against Judge Boyle, Judge Horan, and three other defendants for "blocking [her] right to sue the government for information" and "for conspiring together how to not grant [her] an attorney as required by the ADA . . ." (the "Fourth Lawsuit"). *See McCalley v. Boyle, et. al.*, No. 3:21-cv-668, Dkt. 3 at 1 (N.D. Tex.), *appeal dismissed for want of prosecution*, No. 21-10646 (5th Cir. 2021). On June 22, 2021, the case was dismissed with prejudice as frivolous and for failure to state a claim. *See id.* Dkts. 9,4 12, 13. Plaintiff appealed the court's ruling to the Fifth Circuit, where her appeal was dismissed for want of prosecution. *See McCalley v. Boyle, et. al.*, No. 21- 10646 (5th Cir. 2021).

*McCalley v. Methodist Southlake Hospital*, No. 4:21-cv-478, 2022 WL 893548, at *1-2 (E.D. Tex. Feb. 22, 2022), *report and recommendation adopted*, No. 4:21-cv-478, 2022 WL 889939 (E.D. Tex. Mar. 25, 2022).

>**The Fifth Lawsuit.** On June 23, 2021, Plaintiff, proceeding *pro se*, filed suit in the Sherman Division of the Eastern District of Texas against Methodist Southlake Hospital, Dr. Clifton Cox, and Methodist Mansfield Hospital, and Dr. Oluferni Abiodun seeking injunctive relief and alleging that the State Court was colluding with Defendants. *Id*. at *3. She brought claims under HIPAA, Federal Rule of Civil Procedure 26, the Americans with Disabilities Act, violations of the Equal Protection Clause and the Due Process Clause against defendants Methodist Southlake Hospital, Dr. Clifton Lyndell Cox, II, Methodist Mansfield Hospital, and Dr. Oluferni Abiodun. *Id*. Judge Johnson dismissed Plaintiff's HIPAA and Federal Rule of Civil Procedure 26 claims under 12(b)(1) and dismissed Plaintiff's Due Process and Equal Protection claims under 12(b)(6) for failure to state a claim. *Id*. at *7, 9. Subsequently, Plaintiff has filed a "Motion for New Trial" and a "Motion for Continuation on Appeal Notice," which have not yet been taken up by Judge Johnson. *McCalley v. Methodist Southlake Hospital, et al.*, No. 4:21-cv-478-KPJ-SDJ, Dkts. 30; 34.

*Pending Motions to Dismiss*

On October 12, 2021, Defendant UT Southwestern Medical Center filed a Motion to Dismiss [Dkt. 16] and Defendants Yair Lotan, M.D., Martha Storrie, M.D., Samuel McDonald, M.D., Roopa Vemulapalli, M.D., Greta Szabo, M.D., Tasneem Ahmed, D.O., and Craig Olson, M.D. filed a Motion to Dismiss [Dkt. 17]. On October 19, 2021, Defendants Carolyn Jean Tankersley and Justin Philip filed a Motion to Dismiss [Dkt. 18]. Defendants urge numerous

REPORT AND RECOMMENDATION – Page 5

grounds in support of dismissal of Plaintiff's claims. Specifically, the Individual Defendants move to dismiss under 12(b)(1) for lack of subject matter jurisdiction [Dkt. 17]. UTSW moves to dismiss under 12(b)(1) asserting Eleventh Amendment immunity. All Defendants further argue the Individual Defendants have statutory immunity under the TTCA, no private cause of action exists under HIPAA, and Plaintiff's claims are time-barred. The Court ordered Plaintiff to file responses to the pending Motions to Dismiss, granting numerous extensions to permit her an opportunity to respond. Notwithstanding, Plaintiff failed to file any response.[4]

## ANALYSIS

### *Lack of Subject Matter Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of a complaint that fails to establish the Court's subject-matter jurisdiction over the claims asserted. FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," *or* over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. For jurisdiction to exist under § 1332, diversity must be complete in that no plaintiff and no defendant may be citizens of the same state. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

The party asserting that subject-matter jurisdiction exists has the burden of proving its requirements are met. *See Willoughby v. United States ex rel. United States Dep't of the Army*,

---

[4] "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(d).

730 F.3d 476, 479 (5th Cir. 2013) (per curiam); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). A claim should be dismissed for lack of subject-matter jurisdiction "if it appears certain that the plaintiff cannot prove any set of facts in support of [the] claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010).

Defendants urge the Court lacks subject matter jurisdiction here and that "[a]though Plaintiff attempts to disguise her claims as possible federal violations or other statutory violations, the genesis of all of her claims comes from allegedly negligent medical care and treatment she received at [UTSW] from its health care providers [and s]uch artful pleading is not permitted to confer jurisdiction on the Court" [Dkts. 16 at 2 n.3, 17 at 3; 18 at 4]. Plaintiff's Complaint does not allege, or demonstrate, complete diversity of citizenship, thus, the Court does not have subject matter jurisdiction under 28 U.S.C. §1332. Nor, upon review, does the Court have federal question jurisdiction. Plaintiff pleads "[t]his lawsuit is proper to Federal Court because it is a Governmental Defendant who receives Federal Funding" [Dkt. 1 at 1]. To the extent Plaintiff seeks to invoke the Federal Tort Claims Act, 28 U.S.C. § 1346(b) ("FTCA"), "[t]he FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing 28 U.S.C. § 2674). Stated differently, the FTCA is the vehicle by which the United States has waived sovereign immunity for tort claims that allege wrongful or negligent

acts committed by federal employees. *See Dickson v. United States*, No. 19-40932, 2021 WL 3721771, at *2 (5th Cir. Aug. 23, 2021) (citing *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010)); 28 U.S.C. § 2674. Here, none of the Defendants are the United States Government nor are any of the Defendants employed by the United States Government—they are employees of UTSW, a governmental unit of the State of Texas. Therefore, the FTCA is inapplicable here and cannot confer subject matter jurisdiction on the Court. There are not any federal government defendants in this cause. Plaintiff also asserts "so in the violation of HIPAA Law there is a question of Federal Law" [Dkt. 1]. HIPAA provides that "[a] person who knowingly … discloses individually identifiable health information to another person" without authorization shall be fined, imprisoned, or both. 421 U.S.C. § 1320d-6(a)(3) & (b). However, HIPAA does not create a private cause of action. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no subject matter jurisdiction over Acara's asserted claims."); *Hyde v. Tom S. Whitehead, Inc.*, A-22-CV-252, 2022 WL 1468325, at *2 (W.D. Tex. May 9, 2022) (citing *Acara*, 470 F.3d at 572) ("There is no private cause of action under HIPAA; therefore, the Court lacks subject matter jurisdiction over this claim."); *McCalley*, 2022 WL 893548, at *5. Rather, the HIPAA statute specifically delegates enforcement authority to the Secretary of the U.S. Department of Health and Human Services. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). Because Plaintiff cannot bring claims herself against Defendants for HIPAA violations, HIPAA also cannot confer federal question jurisdiction over this cause. Plaintiff's only remaining potential claims are state law tort claims.

      Having determined that federal question jurisdiction and diversity jurisdiction are not present in this matter, the Court lacks the requisite subject matter jurisdiction to adjudicate this

matter. Plaintiff's claims against all Defendants are subject to dismissal under 12(b)(1). However, out of an abundance of caution, the Court evaluates the remaining grounds asserted.

*Eleventh Amendment Immunity – UTSW*

UTSW moves to dismiss Plaintiff's claims based on Eleventh Amendment immunity grounds; this too presents a threshold jurisdictional question. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (whether a government, its entities, or its representatives in their official capacity have immunity to suit presents a threshold, jurisdictional question that courts appropriately consider on a Rule 12(b)(1) motion). "The United States Court of Appeals for the Fifth Circuit . . . has repeatedly held that the Eleventh Amendment creates restrictions on subject matter jurisdiction." *Sabine Pipe Line, LLC v. A Permanent Easement of 4.25 +/- Acres of Land in Orange Cnty.*, 327 F.R.D. 131, 137 (E.D. Tex. 2017) (citing *United States v. Tex. Tech Univ.*, 171 F.3d 279, 286 n.9 (5th Cir. 1999) (collecting cases), *cert. denied*, 530 U.S. 1202 (2000)); *Cephus v. Tex. Health & Human Servs. Comm'n*, 146 F. Supp. 3d 818, 825 (S.D. Tex. 2015); *Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 648 (S.D. Tex. 2014)). More specifically, the Eleventh Amendment renders states immune from any suit in law or equity brought by a state's own citizen against the state without its consent. *See* U.S. CONST. amend. XI; *see also Tennessee v. Lane,* 541 U.S. 509, 517-18 (2004). Thus, the Eleventh Amendment bars suit in federal court against a state or state entity, as opposed to a state official, regardless of whether money damages or injunctive relief is sought. *Briggs v. Mississippi*, 331 F.3d 499, 503 (5th Cir. 2003). Eleventh Amendment immunity extends to state agencies or entities deemed an "alter ego" or "arm" of the state. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). UTSW, as a branch of the University of Texas System, is a State agency protected by sovereign immunity. *See e.g., Daniel v. U.T. Southwestern Medical Ctr.*, NO. 3:18-cv-1868-G, 2019 WL 1778637, at

*1 (N.D. Tex. Apr. 22, 2019) (collecting cases) ("[I]t is well settled that UTSMC is an arm of the state."); *Shah v. Univ. of Tex. Southwestern Medical School*, 54 F. Supp. 3d 681, 689 n.5 (N.D. Tex. 2014) (collecting cases) (For purposes of eleventh Amendment Immunity, "[t]he Fifth Circuit and judges of this court have held that UT Southwestern is an arm or instrumentality of the State of Texas."); *Turner v. Univ. of Tex. Southwestern Medical Ctr. at Dall.*, No. 3:06-cv-0592, 2007 WL 959032, at *2 (N.D. Tex. Mar. 30, 2007) (The Medical Center is part of the University of Texas System. Tex. Educ.Code Ann. § 65.02(a)(7) (Vernon 2002). Moreover, the University of Texas System is a state agency. Tex. Gov.Code Ann. § 441.101(3) (Vernon 2004). These two statutes strongly indicate that the Medical Center is an arm or instrumentality of the State of Texas for Eleventh Amendment purposes.").

UTSW is therefore immune from Plaintiff's claims for the alleged "violations of HIPAA" and negligent medical care, except to the extent such immunity is waived. "There are two fundamental exceptions to the general rule that bars an action in federal court filed by an individual against a state": (1) Congress may abrogate states' immunity under Section 5 of the Fourteenth Amendment; or (2) states may consent to suit notwithstanding their immunity. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 276-77 (5th Cir. 2005). The TTCA "creates a limited waiver of sovereign immunity." *Goodman v. Harris Cnty.*, 571 F.3d 388, 394 (5th Cir. 2009). Under the TTCA, a governmental unit in the state is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>    (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
>    (B) the employee would be personally liable to the claimant according to Texas law; and

> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE § 101.021. To hold a governmental entity liable for the acts of its employees under the TTCA: (1) Plaintiff's claim must arise under one of the three specific areas of liability outlined in § 101.021; and (2) the claim must not fall within an exception to the waiver of sovereign immunity. *Holland v. City of Hous.*, 41 F. Supp. 2d 678, 710 (S.D. Tex. 1999). One such exception is codified in § 101.057(2) of the TTCA, which prohibits claims against a governmental entity arising from "assault, battery, false imprisonment, or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057(2). And there is no waiver of immunity for claims against a governmental unit arising out of the same conduct that forms a basis for an intentional tort claim against its employee. *Goodman*, 571 F.3d at 394 (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)).

Plaintiff's Complaint pleads UTSW "refus[ed] to amend [her] medical records with the true facts and original reports" [Dkt. 1 at 1]. Courts have considered the issue of whether the "alleged negligent use of a patient's medical records," constitutes a misuse of "tangible personal property" under the statute and have found that,

> information, which may or may not be recorded in a patient's medical records, does not constitute tangible personal property under section 101.021(2) of the Texas Tort Claims Act and that the State has not waived governmental immunity for negligence involving the use, misuse, or nonuse of information in a patient's medical records.

*Univ. of Tex. Medical Branch at Galveston v. York*, 871 S.W.2d 175, 179 (Tex. 1994). Plaintiff's allegations surrounding the use and non-use of the information contained within her medical records does not bring Plaintiff's suit within the waiver provision of the TTCA. *Doe v. Harrison Cnty.*, No. 2:19-cv-00524, 2021 WL 5758994, at *12 (E.D. Tex. Dec. 3, 2021) (finding

liability under the TTCA could not arise under plaintiff's negligence claim for use or non-use of information); *Akanni v. John Does 1-100*, No. 98-10116, 1999 WL 274303, at *3 (5th Cir. Apr. 12, 1999) (finding that a County's alleged failure "to supply information about [blood] tests results" was "indistinguishable" from *York* and "did not fall within the Texas Tort Claims Act waiver of immunity."); *see also Lawson v. Dall. Cnty.*, No. CA-3-95-CV-2614-R, 1998 WL 246642, at *15 (N.D. Tex. Mar. 24, 1998) ("[U]sing, misusing, or not using information in a medical record, a patient's file, and an emergency room procedures manual does not waive the state's sovereign immunity."). In sum, immunity has not been waived with regard to Plaintiff's claims against UTSW; UTSW should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

*Statutory Immunity – Individual Defendants*

Section 101.106(e) of the TTCA provides that: "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. § 101.106(e). "The Plaintiff may elect to sue both the government and its employee, but the statute grants the government the unconditional right to have its employee dismissed from the suit if the plaintiff makes that election." *Morrison v. Walker*, No. 1:13-CV-327, 2014 WL 11543592, at *7-8 (E.D. Tex. Jan. 2, 2014) (citing *Franka v. Velasquez*, 332 S.W.3d 367, 387 (Tex. 2011)).

Moreover, "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. TEX. CIV. PRAC. & REM. CODE § 101.106(f).

Accordingly, "[o]n the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed. *Id.*; *Franka,* 332 S.W.3d at 369-85. "The Texas Supreme Court has explained that the purpose of § 101.106(f) was to 'foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment.'" *Morrison*, 2014 WL 11543592, at *7 (quoting *Franka*, 332 S.W.3d at 381). "Under the *Franka* rule, all tort claims, including intentional torts, 'could have been brought' against the governmental unit, regardless of whether the governmental unit's immunity from suit is expressly waived by the TTCA for those claims." *Bordges v. City of Flower Mound*, 4:11-cv-310, 2011 WL 5600339, at *6 (E.D. Tex. Oct. 14, 2011) (Mazzant, J.) (citing *Franka*, 332 S.W.3d at 385).

Plaintiff has filed suit against a governmental unit of the State of Texas and its employees for state law tort claims centering around medical care she received from Defendants in 2017. TEX. CIV. PRAC. & REM. CODE §§ 101.001(3)(A), 101.021; TEX. EDUC. CODE §§ 65.02(a)(7), 74.101. Upon review of Plaintiff's Amended Complaint, her claims against the Individual Defendants' plead actions taken in the general scope of their employment. And both UTSW and the Individual Defendants have asserted the Individual Defendants' statutory immunity. Plaintiff's claims against the Individual Defendants are therefore barred by §§ 101.106(e), (f) of the TTCA. *See Franka*, 332 S.W.3d at 381 (holding that the TTCA bars recovery for the negligence of a government physician acting in the course of employment); *see also Wilkerson v. Univ. N. Tex., By & Through its Bd. of Dirs.*, 878 F.3d 147, 161 (5th Cir. 2017) ("Because tortious interference (as its name suggests) is a tort, Wilkerson's claim against Glazebrook in her personal capacity is foreclosed, and can be pursued against only the University.") (internal

citations omitted); *see also Acosta v. Williamson Cnty.*, No. 1:21-cv-00615, 2022 WL 757248, at *12 (W.D. Tex. Mar. 11, 2022) (citing *Goodman*, 571 F.3d at 394) ("The TTCA does not include individuals under its definition of a governmental unit. Thus, '[i]ndividuals may not be sued under the TTCA as the act does not govern suits brought directly against an employee of the state.'") (internal citations omitted). Because Plaintiff filed suit against both the governmental unit and its employees, and UTSW filed its motion to dismiss on statutory immunity grounds, the individual defendants must be dismissed from this suit under 12(b)(6). *Bustos v. Martini Club Inc.*, 599 F.3d 458, 464 (5th Cir. 2010) ("Since the suit is against 'both a governmental unity and any of its employees,' § 101.106(e) applies. Accordingly, because the [governmental unit] moved to dismiss [its employees], the district court was required by § 101.106(e) to dismiss the state law claims against them."). As set forth, *supra*, Plaintiff's claims against the governmental unit are similarly barred.

### *Statute of Limitations*

Limitations further bar Plaintiff's claims [Dkts. 17 at 7; 18 at 11]. Plaintiff alleges that that "it all began in September of 2017" [Dkt. 1 at 1-3]. The statute of limitations for healthcare liability and tort claims in Texas is two years. TEX. CIV. PRAC. & REM. CODE §§ 16.003, 74.251(a). Plaintiff brought this suit in 2021, long after the expiration of the limitations period. *Bailey v. Willis*, No. 4:17-cv-00276, 2018 WL 3321461, at *7 (E.D. Tex. Jan. 11, 2018) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 576 (5th Cir. 2001) ("Texas has a two-year statute of limitations for personal injury claims; therefore, Plaintiff had two years from the date his claims accrued to file suit."), *report and recommendation adopted*, No. 4:17-cv-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018). Plaintiff pleads no basis for tolling or otherwise extending limitations.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that the University of Texas Southwestern Medical Center's Motions to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) [Dkt. 16]; Defendants Yair Lotan, M.D., Martha Storrie, M.D., Samuel McDonald, M.D., Roopa Vemulapalli, M.D., Greta Szabo, M.D., Tasneem Ahmed, D.O., and Craig Olson, M.D.'s Motion to Dismiss [Dkt. 17]; and Defendants Carolyn Jean Tankersley and Justin Philips' Motions to Dismiss Pursuant to the Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) [Dkt. 18] be **GRANTED** as set forth herein, and Plaintiff Damaris McCalley's claims be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c) [Dkt. 22]; Plaintiff's "Motion to Add A Party: Hanly Funderburk of The Office of Civil Rights" [Dkt. 31]; and Plaintiff's Motion to Compel Documents [Dkt. 33] are **DENIED**.

**SIGNED** this 15th day of August, 2022.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE